**No JS6**

Richard M. Heimann (State Bar No. 063607)
Joy A. Kruse (State Bar No. 142799)
Nancy Chung (State Bar No. 225584)
Mikaela Bernstein (State Bar No. 261301)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: rheimann@lchb.com
Email: jakruse@lchb.com
Email: nchung@lchb.com
Email: mbernstein@lchb.com

Lead Federal Derivative Plaintiffs' Counsel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE BROADCOM CORPORATION DERIVATIVE LITIGATION | Master File No. CV06-3252 R (CWx)<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL |

This matter came before the Court for hearing pursuant to an Order of this Court, dated September 30, 2009, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation and Agreement of Partial Settlement dated August 20, 2009 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Federal Derivative Action and over all parties to the Settlement, including Nominal Defendant Broadcom Corporation ("Broadcom").

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, Broadcom, its shareholders, and the Federal Derivative Plaintiffs. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Federal Derivative Plaintiffs and the Special Litigation Committee on behalf of Broadcom, the Settling Defendants, and Broadcom. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

4. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court hereby expressly determines that there is no just reason to delay entry of a final judgment as to the Settling Defendants.

5.  The Federal Derivative Plaintiffs and Broadcom, on behalf of themselves and each of their Related Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims, and any and all derivative claims (including all Unknown Claims) arising out of, based upon or related to the Released Claims or the Settlement or resolution of the Federal Derivative Action, against all of the Released Persons.

6.  The Federal Derivative Plaintiffs and Broadcom, or anyone acting on Broadcom's behalf, on behalf of themselves and each of their Related Parties are hereby forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims, or any action or other proceeding brought derivatively on behalf of Broadcom against any of the Released Persons arising out of, based upon or related to the Released Claims or the Settlement or resolution of the Federal Derivative Action.

7.  Each of the Settling Defendants and their Related Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Federal Derivative Plaintiffs, Lead Federal Derivative Plaintiffs' Counsel and all counsel for plaintiffs in the Federal Derivative Action from all claims (including Unknown Claims), arising out of, based upon or related to the institution, prosecution, assertion, settlement or resolution of the Federal Derivative Action and/or the Released Claims, except for obligations imposed by the Stipulation in connection with the Settlement of the Federal Derivative Action.

8.  Each of the Settling Defendants and their Related Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Broadcom and its Related Parties from all claims (including all Unknown Claims) arising out of, based upon or related to the institution, prosecution, assertion, settlement or resolution of the Federal

Derivative Action, except that the Settling Defendants and their Related Parties have not released, relinquished or discharged Broadcom and its Related Parties from any claims or causes of action for indemnification and/or advancement of attorneys' fees and expenses for any matter whatsoever (including, but not limited to, the Federal Derivative Action, the State Derivative Action and the Class Action).

9. The Settling Defendants are hereby dismissed with prejudice.

10. The distribution of the Notice of Proposed Settlement and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Derivative Settlement and Providing for Notice constituted the best notice practicable under the circumstances. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

11. Neither the Stipulation nor the Settlement contained therein (nor the Exhibits thereto), nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) are or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons or Broadcom; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons or Broadcom in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file or use the Stipulation and/or the Judgment in the Federal Derivative Action, the State Derivative Action or related matters as evidence of the Settlement and its terms, or in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other

theory of claim preclusion or issue preclusion or similar defense or counterclaim. Notwithstanding the foregoing, nothing herein shall form the basis of a justification for a defense or counterclaim based on principles of *res judicata* as between any of the Released Persons.

12. In accordance with §21D(f)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7), each of the Released Persons, by virtue of this Judgment, is discharged from all claims for contribution brought by other Persons. This Judgment and bar order constitutes the final discharge of all obligations to the Federal Derivative Plaintiffs, Broadcom shareholders and Broadcom of the Released Persons arising out of, based upon or related to the Federal Derivative Action, except for any discovery obligations the Released Persons may have. This Judgment bars all future claims for contribution arising out of, based upon or related to the Released Claims by any Person against the Released Persons, and by the Released Persons against any Person. In addition to this contribution bar, any subsequent judgment against any of the Non-Settling Defendants shall be reduced by the greater of the Settlement Amount or an amount that corresponds to the total percentage of responsibility of the Settling Defendants and the Settling State Defendants.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) all parties thereto for the purpose of construing, enforcing and administering the Stipulation; and (c) any other matter related or ancillary thereto.

14. The Court finds that the Federal Derivative Action was filed, prosecuted and defended in good faith, and that during the course of the Federal Derivative Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur,

- 5 -

then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

**IT IS SO ORDERED.**

DATED: Dec. 14, 2009

_____
THE HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE