1  Richard M. Heimann (State Bar No. 063607)
   Joy A. Kruse (State Bar No. 142799)
2  Nancy Chung (State Bar No. 225584)
   Mikaela Bernstein (State Bar No. 261301)
3  LIEFF, CABRASER, HEIMANN
      & BERNSTEIN, LLP
4  275 Battery Street, 28th Floor
   San Francisco, CA  94111-3339
5  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
6  Email:  rheimann@lchb.com
   Email:  jakruse@lchb.com
7  Email:  nchung@lchb.com
   Email:  mbernstein@lchb.com
8
   Lead Counsel for the Derivative Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BROADCOM CORP. DERIVATIVE LITIGATION | Master File No. C-06-3252 R (CWx) |
| | **MOTION TO UNSEAL DOCUMENTS FILED IN CONNECTION WITH BROADCOM'S MOTION FOR SUMMARY JUDGMENT** |
| | Date:        October 4, 2010<br>Time:        10:00 a.m.<br>Courtroom:   8<br>Judge:       Hon. Manuel L. Real |

Plaintiffs hereby move the Court for an order directing the Clerk of the Court to unseal and make public all documents and exhibits filed in connection with Plaintiffs' Consolidated Motion for Summary Judgment and Opposition to Broadcom's Motion for Summary Judgment (Docket Nos. 635-637, 640, 643-645, 651), the SLC's Reply in Support of Broadcom Corp.'s Motion for Summary Judgment and Opposition to Plaintiffs' Cross-Motion for Summary Judgment (Docket Nos. 663-664), and Plaintiffs' Reply in Support of Summary Judgment (Docket Nos. 671-673).   This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 23, 2010.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). The Ninth Circuit affords a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); *see also Kamakana*, 447 F.3d at 1179; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 672, 679 (9th Cir. 2010).  Indeed, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.' " *Kamakana*, 447 F.3d at 1179.  Courts distinguish judicial records attached to dispositive motions from those records attached to non-dispositive motions: "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.  A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions." *Id*. at 1179-1180. "Unlike private materials unearthed during discovery, judicial records are public

documents almost by definition, and the public is entitled to access by default." *Id.* (citing *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 (1978)).

Thus, in order to maintain the secrecy of pleadings and documents filed with the Court in summary judgment proceedings, Broadcom and the SLC "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.' " *Pintos*, 605 F.3d at 679 (quoting *Kamakana*, 447 F.3d at 1178-79). Notably, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1135 (where a party obtained a "blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these records under seal forever.").

This is particularly true in the context of allowing the public access to the evidence being used to decide a motion to dismiss shareholders' derivative claims. "We simply do not understand the argument that derivative actions may be routinely dismissed on the basis of secret documents. We cannot say what the effect on investor confidence would be if special litigation committees were routinely allowed to do their work in the dark of night. We believe, however, that confidence in the administration of justice would be severely weakened." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

In determining whether the presumption of access has been overcome, the Court must consider: "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679. Conclusory offerings do not rise to the level of "compelling reasons" sufficiently specific to bar the public access to documents. *Kamakana*, 447 F.3d at 1182.

Here, the SLC is seeking summary judgment on shareholders' derivative claims arising out of a massive backdating scheme resulting in a $2.2 billion restatement. Thus, the shareholders and public at large have a compelling interest in understanding the arguments of the parties and the outcome of the motion. Furthermore, disclosure of the material could not result in improper use of the material for scandalous or libelous purposes. Many of the facts (and documents) underlying Plaintiffs' claims have already been publicly disclosed in the criminal case of *United States of America v. William J. Ruehle*, Case No. SACR 08-139-CJC. Finally, none of the sealed documents contain any trade secret information.

In conclusion, the strong presumption in favor of access to court records cannot be overcome and this Court should issue an order directing the Clerk of the Court to unseal all documents and exhibits filed in connection with Plaintiffs' Consolidated Motion for Summary Judgment and Opposition to Broadcom's Motion for Summary Judgment (Docket Nos. 635-637, 640, 643-645, 651), the SLC's Reply in Support of Broadcom Corp.'s Motion for Summary Judgment and Opposition to Plaintiffs' Cross-Motion for Summary Judgment (Docket Nos. 663-664), and Plaintiffs' Reply in Support of Summary Judgment (Docket Nos. 671-673).

Dated: August 30, 2010

Respectfully submitted,

By: /s/ Richard M. Heimann
    Richard M. Heimann

Richard M. Heimann (State Bar No. 063607)
Joy A. Kruse (State Bar No. 142799)
Nancy Chung (State Bar No. 225584)
Mikaela Bernstein (State Bar No. 261301)
LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Lead Counsel for the Derivative Plaintiffs