1  TERRY W. BIRD - State Bar No. 49038
      twb@birdmarella.com
2  PETER J. SHAKOW - State Bar No. 198633
      pjs@birdmarella.com
3  KARIS A. CHI - State Bar No. 225778
      kac@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT,
      NESSIM, DROOKS & LINCENBERG, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California  90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110

7
   ATON ARBISSER - State Bar No. 150496
8     aarbisser@kayescholer.com
   ROBERT BARNES - State Bar No. 119515
9     rbarnes@kayescholer.com
   KAYE SCHOLER LLP
10 1999 Avenue of the Stars, Suite 1700
   Los Angeles, California  90067-6048
11 Telephone:  (310) 788-1000
   Facsimile:   (310) 788-1200
12
   Attorneys for the Special Litigation Committee
13 of the Board of Directors of Nominal
   Defendant Broadcom Corp.
14

15                **UNITED STATES DISTRICT COURT**

16       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17

| | |
|---|---|
| 18 IN RE BROADCOM CORPORATION DERIVATIVE LITIGATION | CASE NO. CV06-3252 R (CWx) |
| 19 | **INTERVENOR BROADCOM SPECIAL LITIGATION COMMITTEE'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS FILED IN CONNECTION WITH BROADCOM'S MOTION FOR SUMMARY JUDGMENT** |
| | Date: October 4, 2010<br>Time: 10:00 a.m.<br>Crtrm.: 8<br>Hon. Manuel L. Real |

26
27
28

288458.1

SLC'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS

# I

# INTRODUCTION

Plaintiffs' motion to unseal is a tempest of their own creation and a waste of the Court's and the parties' time and resources. Broadcom did not file any documents under seal in support of its original motion for summary judgment. The issues raised by Broadcom's motion for summary judgment – the independence of the Special Litigation Committee ("SLC") and the adequacy of its investigation – were narrow and discrete, and were fully addressed by the publicly filed SLC Report. *See* Docket No. 601. Plaintiffs, however, inundated the Court and the parties with six volumes of exhibits (consisting of over 2,300 pages), all of which were previously designated as Confidential and which the Plaintiffs now move to unseal. *See* Docket Nos. 636, 637, 640 and 643-645. Many of those exhibits were gratuitous and irrelevant to the issues of the independence and adequacy of the SLC's investigation. Still, Broadcom and the SLC have endeavored to reach agreement with the Plaintiffs, offering to remove the confidential designation from dozens of documents that do not implicate serious privacy concerns, Company trade secrets, or privilege or confidentiality issues.

Despite the Company's efforts at compromise, however, and despite the mountain of material already available for public review as a result of the federal criminal trial of William Ruehle, Plaintiffs press to unseal *every* document they filed in connection with the Company's motion for summary judgment based on the SLC defense, no matter its relevance to the proceedings at hand, and no matter the possible deleterious effect doing so might have on the Company. Unlike the Company and the SLC, Plaintiffs have been unwilling to make reasoned assessments about what documents are deserving of protection and which are appropriate to disclose. Nor have Plaintiffs been able to articulate any credible rationale why such disclosure would benefit the Company, whose interests they purport to represent. Plaintiffs' inability to do so suggests, instead, that their motion

288458.1

1

SLC'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS

seeks publicity for the sake of publicity, without regard to the Court's Order or the Company's best interests. The motion should be denied.

## II

## ARGUMENT

**A. The Documents Were Filed Under Seal Pursuant to a Duly Authorized Stipulated Protective Order.**

While there is a general presumption of access to judicial documents, the Ninth Circuit has found that this "federal common law right of access to materials does not apply to documents filed under seal." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Instead, "[w]hen a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public." *Id.* Indeed, "[a]pplying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Id.*

Each of the documents at issue here was produced to the Plaintiffs pursuant to a Stipulated Protective Order entered by this Court on January 10, 2008. Plaintiffs stipulated, and the order clearly states, that "[d]isclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure…would be warranted." Stipulated Protective Order, Filed January 9, 2008 [Docket No. 190], at 1. Plaintiffs filed the subject documents, under seal, in connection with their various briefs relating to Broadcom's Motion for Summary Judgment based on the special litigation defense. They do not challenge the propriety of the Stipulated Protective Order, and nowhere suggest that the Court was without good cause to enter it or to grant Plaintiffs' various applications to file under seal.

288458.1

2

SLC'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS

**B.     Plaintiffs Apply the Wrong Legal Standard.**

Plaintiffs contend that the sealing of the documents at issue should now be subjected to a "compelling reasons" standard, rather than the "good cause" standard used to designate documents as Confidential in the first instance, and which is normally applied to documents filed under seal.  They argue that the "compelling reasons" standard should be applied because the documents were filed in connection with a summary judgment motion.  In support of this point, Plaintiffs cite *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).  Plaintiffs misinterpret the holdings of these cases, or read them so superficially as to distort their true meaning.

Those cases stand for the proposition that the stricter "compelling reasons" standard applies where documents are filed in connection with a motion *that adjudicates the merits of the case*.  *See, e.g., Kamakana*, 447 F.3d at 1179 ("The resolution of a dispute *on the merits*…is at the heart of the interest in ensuring the public's understanding of the judicial process.") (emphasis added); *Foltz*, 331 F.3d at 1135 ("much of the information that surfaces during pretrial discovery [and is therefore subject to the "good cause" standard] may be unrelated, or only tangentially related, to the underlying cause of action.  The same cannot be said for materials attached to a summary judgment motion because summary judgment *adjudicates substantive rights and serves as a substitute for trial*.") (emphasis added).  While those cases sometimes use the shorthand terms of "dispositive" and "non-dispositive" motions, a full reading of each opinion makes clear that the need for the higher standard is generated because a document has been filed in connection with a motion that may resolve the case *on the merits*.

As Plaintiffs have repeatedly acknowledged, the SLC defense relates solely to the independence of the SLC and the adequacy of its investigation.  *See* Plaintiffs' Reply In Support of Motion for Summary Judgment filed July 19, 2010 [Docket No. 672], at 1-2.  By definition, and as Plaintiffs repeatedly recognized, the motions to

dismiss based on the SLC defense were *not* on the merits of the underlying action, did not seek to adjudicate substantive rights, and did not serve as a "substitute for trial." *See, e.g.*, Plaintiffs' Consolidated Memorandum ISO Summary Judgment, filed June 30, 2010 [Docket No. 653], at 3 ("Neither the merits of the claim nor the substance of the committee's decision to reject the claim is subject to judicial review."). The cases cited by Plaintiffs, therefore, simply do not justify or endorse imposing the "compelling need" standard here. Indeed, those cases state clearly that the "public has less of a need for access" to documents that, as here, are "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179 (refusing to apply "compelling need" standard for such documents); *accord Foltz*, 331 F.3d at 1136; *see also Pintos v. Pacific Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010) (finding there is a "weaker public interest" in nondispositive materials, and applying the "good cause" standard when parties wish to keep them under seal.).[1]

Instead, this Court should apply – and, in fact, already has applied – the more lenient "good cause" standard. Instructive in this regard is a recent order by Judge Ware of the Northern District of California, issued in a derivative action under circumstances similar to those at bar. There, in light of prior orders granting motions to file documents under seal, Judge Ware refused to publish an un-redacted version of his order denying the SLC's motion to terminate the litigation, presumably because it referenced documents filed under seal. *In re KLA-Tencor*

---

[1] Plaintiffs also cite *Joy v. North*, 692 F.2d 880 (2nd Cir. 1982), in support of their position. That case is readily distinguishable. In *Joy*, the Court merely unsealed the SLC's report and required the committee to "disclose to the court and the parties" the data underlying the report. Here, the SLC Report was publicly filed in the first instance and Plaintiffs already have access to the thousands of documents – including attorney-client communications, attorney work product, and myriad other papers – that formed the basis for the Report.

288458.1

4

SLC'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS

*Corp. Shareholder Derivative Action*, 2009 WL 37827, *1 (N.D. Cal. 2009). Citing *Kamakana*, the court found that it had "properly balanced the competing interests of the public's desire for access with the Defendants' need to keep certain records secret," and that "[t]he purpose for allowing the documents to be sealed has not been vitiated by … the Court's denial of the SLC's Motion to Terminate." *Id.*

Here, as in *KLA-Tencor*, the documents at issue "contain[] detailed information about the SLC's investigation," documents that reflect the internal decision making process of the Company, and details of unrelated litigations and settlements involving the Company. Broadcom "has an interest in protecting the confidentiality of the Company's internal processes." *Id.*[2] There are other reasons for keeping these documents under seal. A number of them, for example, are the subject of an ongoing dispute among the Plaintiffs and the Remaining Defendants concerning the mediation or settlement privileges (*see, e.g.*, Exh. 1 and Exh. 106 to the Chung Decl. ISO Motion). Plaintiffs cannot evade an orderly and considered resolution of these privilege disputes by the Court or the Special Master by prematurely unsealing and disclosing to the public the contents of arguably privileged documents.[3] Other documents contain private, personal information

---

[2] Documents in these categories include Exhibits 1, 7, 12, 20, 21, 22, 24, 32, 33, 39, 42, 43, 47, 48, 50, 57, 58, 60, 61, 62, 64, 68, 69, 70, 71, 72, 74, 75, 77, 78, 79, 80, 82, 83, 84, 92, 93, 95, 98, 99, 101, 103, 106, 109, 114, and 115 from the Chung Declaration ISO Plaintiffs' Motion for and Opposition to Summary Judgment ("Chung Decl. ISO Motion"), and Exhibits 1, 2, 8, 9, 11, 13, 14, 15, 16, 17, 18, 20, 21, and 22 to the Chung Declaration ISO Plaintiffs' Reply ("Chung Decl. ISO Reply").

[3] Plaintiffs' insistence on disclosing such information over the Company's and the SLC's repeated objections, and their willingness to subject the Company to the expense of unwarranted motion practice or additional litigation from the Remaining Defendants, raise serious doubts about whether Plaintiffs are willing and/or able to put aside their own parochial concerns to represent the best interests of the Company.

about individuals who are not party to this action (*see, e.g.*, Exhibits 81, 84, 93, 95, 98, 99, 101, and 103 to the Chung Decl. ISO Motion and Exhibits 2, 20, and 21 to the Chung Decl. ISO Reply).  It appears that Plaintiffs seek to unseal some documents simply to continue their unwarranted attacks on the SLC and its counsel (*e.g.,* Exh. 37 to the Chung Decl. ISO Motion).[4]  In addition, there are a number of documents, including deposition transcripts, that were produced to the Plaintiffs by other individuals and entities, some of whom are not party to this litigation, but all of whom sought and relied on the protections of the Protective Order in providing that material.  *See, e.g.*, Exhibits 4, 63 and 96 to the Chung Decl. ISO Motion; Exhibits 3, 4, 5, 6, and 19 of the Chung Decl. ISO Reply.  Plaintiffs are asking this Court, then, to simply disregard the confidentiality interests of multiple parties and non-parties, without presenting any compelling reason why those various confidentiality interests should be disregarded.

This Court has already found good cause to sign a Protective Order and to allow every one of these documents to be filed under seal.  Just as in *KLA-Tencor*, that good cause has not been obviated by the Court's rulings on the SLC's motion.  The documents – and the briefs themselves, which are rife with references to the underlying documents – should remain under seal.

**C.   The SLC Relied on the Protective Order in Providing Expedited Discovery.**

Another reason to maintain these documents under seal is because the SLC acted in reliance on the security provided by the Protective Order in producing them in the first place.  After submitting its Final Report, the SLC worked cooperatively with Plaintiffs and provided many thousands of pages of discovery in only a few

---

[4] Additional reasons why the documents at issue should remain under seal are further described in the Declaration of Peter J. Shakow, filed concurrently herewith.

weeks time. *See* Declaration of Peter J. Shakow at ¶ 2. The SLC waived its attorney-client privilege, agreed to produce dozens of internal memos and communications protected by the attorney work product doctrine, collected and produced electronic documents, metadata and internal drafts, and otherwise expedited discovery in myriad ways. *Id.* at ¶ 3. The SLC did so to avoid or minimize costly discovery litigation, which would not have been in the Company's best interests. The SLC also did so in reliance on the protections afforded by the Protective Order; that is, it anticipated that these documents would be examined and possibly used by Plaintiffs or other parties to the litigation, but that they would receive "special protection from public disclosure and from use for any purpose other than prosecuting this litigation." *Id.* at ¶ 4; Protective Order at ¶ 1. Now, Plaintiffs seek to unfairly take advantage of the SLC's efforts at cooperation, which were undertaken in reliance on the Protective Order and to further the Company's interests – *i.e.*, the interests Plaintiffs are *supposed* to be protecting. If the SLC had known Plaintiffs would seek to eviscerate the protections of the Protective Order merely by attaching thousands of documents to its motions filed with the Court, the parties would likely *still* be engaged in discovery disputes today. The SLC's quick action to produce documents in connection with its motion should not be punished. As Professors Wright and Miller – and the Ninth Circuit – recognize:

> It is axiomatic that [a]mong the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery. Where that has happened, changing the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery.

*Foltz*, 331 F.3d at 1137 (quoting Wright, Miller & Marcus, Federal Practice and Procedure § 2044.1) (internal quotation marks omitted).

Case 2:06-cv-03252-R -CW   Document 685   Filed 09/16/10   Page 9 of 10   Page ID
 #:13364

### D. Plaintiffs Articulate No Legitimate Rationale For Their Motion.

There are, as noted above, good reasons for keeping the subject documents under seal. Plaintiffs, on the other hand, have not presented any valid argument for asking the Court to overrule its prior order and unseal these documents. Given those prior orders, the standard Plaintiffs must meet is high: "When a party attaches a sealed discovery document to a nondispositive motion… the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (citing cases distinguishing materials filed under seal from those submitted in open court). Were the law otherwise, the district court's authority to fashion protective orders would be undermined and possibly eviscerated. *Id.*

Not only do Plaintiffs fail to point to any *compelling* reason to unseal these documents, they are unable to articulate *any legitimate rationale at all*. This is not a circumstance where, like the cases cited by Plaintiffs, the media or a public interest group is seeking access to documents after a trial is completed. *See Foltz*, 331 F.3d at 1127 (public interest groups sought access to sealed records following settlement of fraud action) and *Kamakana*, 447 F.3d at 1175 (newspaper sought access to sealed records following settlement of civil rights suit). There is no question of unfairness to the litigants, as all parties, including Plaintiffs, have long had access to each and every one of the documents in question. Nor is this a case where there is a dearth of material already available for public review. Pointedly, the SLC's Final Report, which detailed the SLC's reasons for moving to dismiss the matter, was also filed in open court and is available for anyone to review.

Lacking any of these potentially legitimate reasons for their motion to unseal, Plaintiffs' counsel have resorted to the suggestion that their motion to unseal was designed to help bolster Company shareholders' "confidence in the integrity of the judicial system." Shakow Decl. at ¶ 8. When questioned by SLC and Company counsel, Plaintiffs' counsel quickly acknowledged that they knew of not a single

288458.1
8
SLC'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS

Broadcom shareholder who had questioned the integrity of the judicial system, or who had sought and been denied access to the sealed documents. *Id*. In the absence of any legitimate articulated rationale, Plaintiffs' fabrication of a pretext – their purportedly selfless effort on behalf of nonexistent shareholders – suggests that their real motive for moving to unseal is parochial or self-serving and should not, therefore, be granted.

## III

## CONCLUSION

For the foregoing reasons, the SLC urges the Court to deny in its entirety Plaintiffs' Motion to Unseal Documents Filed in Connection with Broadcom's Motion for Summary Judgment.

DATED: September 16, 2010        Respectfully submitted,

Terry W. Bird
Peter J. Shakow
Karis A. Chi
BIRD, MARELLA, BOXER, WOLPERT,
    NESSIM, DROOKS & LINCENBERG, P.C.

Aton Arbisser
Robert Barnes
KAYE SCHOLER LLP


By: /s/ Terry W. Bird
        Terry W. Bird
Attorneys for the Special Litigation Committee
of the Board of Directors of Nominal
Defendant Broadcom Corp.

9

SLC'S OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS