**McDERMOTT WILL & EMERY LLP**
GORDON A. GREENBERG, SBN 116774
JON DEAN, SBN 184972
CHARLES E. WEIR, SBN 211091
JULIAN L. ANDRÉ, SBN 251120
2049 Century Park East, Suite 3800
Los Angeles, CA 90067-3218
Telephone: 310.277.4110
Facsimile: 310.277.4730
ggreenberg@mwe.com
jdean@mwe.com
cweir@mwe.com
jandre@mwe.com

Attorneys for Defendant
DR. HENRY SAMUELI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| IN RE BROADCOM CORP. DERIVATIVE LITIGATION | Case No. CV06-3252 R (CWx)<br><br>**DR. HENRY SAMUELI'S OPPOSITION TO DERIVATIVE PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS FILED IN CONNECTION WITH BROADCOM'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: October 4, 2010<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. Manuel L. Real |

Dr. Henry Samueli hereby opposes Derivative Plaintiffs' Motion to Unseal Documents Filed in Connection with Broadcom's Motion for Summary Judgment.

Plaintiffs' Motion to Unseal Documents Filed in Connection with Broadcom's Motion for Summary Judgment ("Motion to Unseal") is neither appropriate nor necessary. Despite numerous efforts by Dr. Samueli's counsel to amicably resolve Plaintiffs' requests to unseal certain documents, Plaintiffs insisted on wasting court resources by filing a motion that serves no legitimate purpose. Indeed, now that this Court has denied both parties' motions for summary judgment, Plaintiffs' stated rational for unsealing the materials is no longer applicable. Nevertheless, to the extent that the Court is still inclined to address these issues, we briefly respond to the portions of the Motion to Unseal that relate directly to Dr. Samueli.[1]

Plaintiffs seek to unseal certain excerpts of Dr. Samueli's testimony before the Securities and Exchange Commission ("SEC"). While we believe that Dr. Samueli's SEC testimony should remain sealed under the Stipulated Protective Order, we see no reason to burden the Court with this issue. Indeed, in an effort to resolve this matter without involving the Court, we proposed to voluntarily unseal the SEC excerpts if Plaintiffs would withdraw their request to unseal certain documents covered by mediation privilege. (*See* André Decl. Ex. D at 9-10.) Plaintiffs rejected our proposal. (*See* André Decl. Ex. E at 11-12.)

Plaintiffs' counsel seeks to unseal the Declaration of Richard Heimann in Support of Plaintiffs' Reply in Support of Plaintiffs' Motion for Summary Judgment. Mr. Heimann's declaration focuses entirely on settlement discussions relating to Dr. Samueli that are clearly protected under the federal mediation privilege set forth in *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal 1998). Indeed, Plaintiffs have conceded that the mediation communications disclosed in Mr. Heimann's declaration are privileged. (Pls.' Reply Br. at 19 n. 9-10.) Moreover, the disclosure of this information

---

[1] With respect to all materials not specifically identified herein, Dr. Samueli hereby joins in Special Litigation Committee's Opposition to Plaintiffs' Motion to Unseal.

- 1 -   DR. HENRY SAMUELI'S OPPOSITION TO DERIVATIVE PLAINTIFFS' MOTION TO UNSEAL DOCUMENTS   (No. CV 06-3252 R (CWX))

violates Judge Daniel Weinstein and Special Master John Francis Carroll's repeated admonitions that mediation communications be held in strict confidence.[2]  These privileged discussions should never have been disclosed by Plaintiffs in the first place, and certainly should not be unsealed.  Indeed, during our meet-and-confer efforts, Plaintiffs failed to express any justifiable basis for insisting that these documents be made publicly available.

Accordingly, Dr. Samueli respectfully requests that the Court deny Plaintiffs' Motion to Unseal.

Dated:   September 16, 2010        **McDERMOTT WILL & EMERY LLP**

By: */s/ Julian L. André*
JULIAN L. ANDRÉ
Attorney for Dr. Henry Samueli

---

[2] Plaintiffs' counsel has suggested that they may disclose the privileged information because the "SLC…opened the door." (*See* André Decl. Ex. G at 14.)  We disagree.  Under Plaintiffs' logic, there would therefore be no problem with Dr. Samueli informing the Court (and the public at large) of the statements the mediators made regarding Plaintiffs' case and the likelihood that Plaintiffs would succeed at trial.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES