C:

JS-6

1  Richard M. Heimann (State Bar No. 063607)
   Joy A. Kruse (State Bar No. 142799)
2  Nancy Chung (State Bar No. 225584)
   LIEFF, CABRASER, HEIMANN
3    & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
5  Facsimile:  (415) 956-1008
   Email:  rheimann@lchb.com
6  Email:  jakruse@lchb.com
   Email:  nchung@lchb.com
7
   Lead Federal Derivative Plaintiff's Counsel
8

9

                UNITED STATES DISTRICT COURT
10
              CENTRAL DISTRICT OF CALIFORNIA
11
                    WESTERN DIVISION
12

13
   IN RE BROADCOM CORP.              Master File No. CV-06-3252 R (CWx)
14 DERIVATIVE LITIGATION

15                                   [~~PROPOSED~~] FINAL JUDGMENT
                                     AND ORDER OF DISMISSAL
16

17

18

19

20

21

22

23

24

25

26

27

28

1    This matter came before the Court for hearing pursuant to an Order of this

2    Court, dated _March  24_, 2011, on the application of the Settling Parties

3    for approval of the settlement set forth in the Stipulation and Agreement of

4    Settlement dated March 18, 2011 (the "Stipulation"). Due and adequate notice

5    having been given of the Settlement as required in said Order, and the Court having

6    considered all papers filed and proceedings held herein and otherwise being fully

7    informed and good cause appearing therefore, **IT IS HEREBY ORDERED,**

8    **ADJUDGED AND DECREED** that:

9        1.    This Judgment incorporates by reference the definitions in the

10   Stipulation, and all terms used herein shall have the same meanings set forth in the

11   Stipulation.

12       2.    This Court has jurisdiction over the subject matter of the Federal

13   Derivative Action and over all parties to the Settlement, including Nominal

14   Defendant Broadcom Corporation ("Broadcom").

15       3.    Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this

16   Court hereby approves the Settlement set forth in the Stipulation and finds that said

17   Settlement is, in all respects, fair, reasonable and adequate to, and in the best

18   interests of, Broadcom, its shareholders, and the Federal Derivative Plaintiff. This

19   Court further finds the Settlement set forth in the Stipulation is the result of arm's-

20   length negotiations between experienced counsel representing the interests of the

21   Federal Derivative Plaintiff, the Settling Defendants, and Broadcom. Accordingly,

22   the Settlement embodied in the Stipulation is hereby approved in all respects and

23   shall be consummated in accordance with its terms and provisions. The Settling

24   Parties are hereby directed to perform the terms of the Stipulation.

25       4.    The Federal Derivative Plaintiff and Broadcom, on behalf of

26   themselves and each of their Related Parties, shall be deemed to have, and by

27   operation of this Judgment shall have, fully, finally, and forever released,

28   relinquished and discharged the Settling Defendants and their Related Parties from

911982.6                              - 1 -          [PROPOSED] FINAL JUDGMENT &
                                                       ORDER OF DISMISSAL
                                                  MASTER FILE NO. CV06-3252 R (CWx)

1    all Released Claims, and any and all derivative claims (including all Unknown

2    Claims) arising out of, based upon or related to the Released Claims or the

3    Settlement or resolution of the Federal Derivative Action, against all of the Released

4    Persons. Broadcom has expressly reserved, retained and does not release any and all

5    claims against Nancy Tullos or Ernst & Young LLP. Claims to enforce the terms of

6    the Stipulation are not released. Notwithstanding any provision in the Stipulation or

7    the Exhibits thereto, Broadcom has not released, relinquished or discharged any

8    claims arising out of, based upon or related to Broadcom's indemnification or

9    advancement of fees or expenses incurred after February 28, 2011 by any Settling

10    Defendant.

11        5.    The Federal Derivative Plaintiff and Broadcom, or anyone acting on

12    Broadcom's behalf, on behalf of themselves and each of their Related Parties are

13    forever barred and enjoined from commencing, instituting or prosecuting any of the

14    Released Claims, or any action or other proceeding brought derivatively on behalf of

15    Broadcom, against any of the Released Persons arising out of, based upon or related

16    to the Released Claims or the Settlement or resolution of the Federal Derivative

17    Action. This paragraph does not bar or enjoin Broadcom's commencement,

18    institution or prosecution of any claims against Nancy Tullos or Ernst & Young

19    LLP, or claims arising out of, based upon or related to Broadcom's indemnification

20    or advancement of fees or expenses incurred after February 28, 2011 by any Settling

21    Defendant. Claims to enforce the terms of the Stipulation are not barred or enjoined.

22        6.    Each of the Settling Defendants and their Related Parties shall be

23    deemed to have, and by operation of this Judgment shall have, fully, finally, and

24    forever released, relinquished and discharged the Federal Derivative Plaintiff, Lead

25    Federal Derivative Plaintiff's Counsel and all counsel for plaintiff in the Federal

26    Derivative Action from all claims (including all Unknown Claims) arising out of,

27    based upon or related to the institution, prosecution, assertion, settlement or

28    resolution of the Federal Derivative Action and/or the Released Claims, except for

C

1  obligations imposed by the Stipulation in connection with the Settlement of the

2  Federal Derivative Action. The Stipulation does not release or purport to release

3  any claims by the Settling Defendants or their Related Parties against Nancy Tullos,

4  Ernst & Young LLP, or the Insurers, or claims arising out of, based upon or related

5  to Broadcom's indemnification or advancement of fees or expenses incurred after

6  February 28, 2011 by any Settling Defendant.

7         7.     Each of the Settling Defendants and their Related Parties shall be

8  deemed to have, and by operation of the Judgment shall have, fully, finally, and

9  forever released, relinquished and discharged Broadcom and its Related Parties

10  from all Released Claims including all Unknown Claims and claims arising out of,

11  based upon or related to the institution, prosecution, assertion, settlement or

12  resolution of the Federal Derivative Action. Notwithstanding any provision in the

13  Stipulation or the Exhibits thereto, the Settling Defendants have not released,

14  relinquished or discharged any claims arising out of, based upon or related to

15  Broadcom's indemnification or advancement of fees or expenses incurred after

16  February 28, 2011 by any Settling Defendant.

17         8.     Each of the Settling Defendants, on behalf of themselves and each of

18  their Related Parties, are forever barred and enjoined from commencing, instituting

19  or prosecuting any of the Released Claims including all Unknown Claims and

20  claims arising out of, based upon or related to the institution, prosecution, assertion,

21  settlement or resolution of the Federal Derivative Action. This paragraph does not

22  bar or enjoin claims arising out of, based upon or related to Broadcom's

23  indemnification or advancement of fees or expenses incurred after February 28,

24  2011 by any Settling Defendant. Claims to enforce the terms of the Stipulation are

25  not barred or enjoined.

26         9.     The Settling Defendants are hereby dismissed with prejudice.

27         10.    Other than payment of the Derivative Fee and Expense Amount as

28  provided for in ¶ V.D.(1) of the Stipulation, Broadcom shall have no obligation to

1    pay any amount to any counsel for any plaintiff in the Federal Derivative Action or

2    the State Derivative Action.

3         11.    The distribution of the Notice of Proposed Settlement and the

4    publication of the Summary Notice as provided for in the Order Preliminarily

5    Approving Derivative Settlement and Providing for Notice constituted the best

6    notice practicable under the circumstances. Said notices provided the best notice

7    practicable under the circumstances of those proceedings and of the matters set

8    forth therein, including the proposed Settlement set forth in the Stipulation, to all

9    Persons entitled to such notice, and said notices fully satisfied the requirements of

10   Federal Rule of Civil Procedure 23.1, the requirements of due process, and any

11   other applicable law.

12        12.    Neither the Stipulation nor the Settlement contained therein (nor the

13   Exhibits thereto), nor any act performed or document executed pursuant to or in

14   furtherance of the Stipulation or the Settlement: (a) are or may be deemed to be or

15   may be used as an admission of, or evidence of, the validity of any Released Claim,

16   or of any wrongdoing or liability of the Released Persons; or (b) is or may be

17   deemed to be or may be used as an admission of, or evidence of, any fault or

18   omission of any of the Released Persons in any civil, criminal or administrative

19   proceeding in any court, administrative agency or other tribunal. The Released

20   Persons may file or use the Stipulation and/or the Judgment in the Federal

21   Derivative Action, the State Derivative Action or any subsequent or related matters

22   as evidence of the Settlement and its terms, to support a defense of *res judicata*,

23   collateral estoppel, release, good faith settlement, judgment bar or reduction, or

24   other theory of claim or issue preclusion, contribution or indemnity bar, or similar

25   defense. Notwithstanding the foregoing; nothing herein shall form the basis of a

26   justification for a defense or counterclaim based on principles of *res judicata* as

27   between any of the Released Persons.

28

911982.6

- 4 -

[PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
MASTER FILE NO. CV06-3252 R (CWx)

13.     In accordance with § 21D(f)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7), each of the Settling Defendants, by virtue of this Judgment, is discharged from all claims for contribution brought by other Persons.  This Judgment and bar order constitutes the final discharge of all obligations to the Federal Derivative Plaintiff, Broadcom shareholders and Broadcom of the Settling Defendants arising out of, based upon or related to the Federal Securities Exchange Act claims in the Federal Derivative Action.  This Judgment bars all future claims for contribution arising out of, based upon or related to the Released Claims by any Person against the Settling Defendants, and by the Settling Defendants against any Person.

14.     With respect to any non-federal claims arising out of the facts alleged in the Federal Derivative Action, the Court finds that the settlement and the releases and covenants of the Settling Parties are made and given in good faith.  The Court reaches this conclusion after considering the factors set forth by the California Supreme Court in *Tech Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 388, 213 Cal. Rptr. 256, 698 P.2d 159 (Cal. 1985) (court should consider, inter alia, the rough approximation of plaintiff's total recovery and the settling party's proportionate liability, the amount of the settlement, and the existence of collusion, fraud or tortious conduct aimed to injure the nonsettling party's interests).  Consequently,  pursuant to California Code of Civil Procedure §§ 877 and 877.6(c) the Settling Parties are discharged from all liability for any claims of contribution or indemnity to any other Person arising out of, based upon or related to the non-federal claims asserted in the Federal Derivative Action.  This Order bars all future claims for contribution or indemnity arising out of, based upon, or related to the Released Claims by any Person against the Settling Defendants to the full extent permitted by California law.

15.     The Court shall retain exclusive and continuing jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation and

- 5 -    [PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
MASTER FILE NO. CV06-3252 R (CWx)

1  Judgment. Broadcom, the Settling Defendants, Federal Derivative Plaintiff, and all

2  Broadcom shareholders shall submit to the jurisdiction of the Court for purposes of

3  implementing and enforcing the Settlement embodied in the Stipulation and

4  Judgment.

5        16.    The Court finds that the Federal Derivative Action was filed,

6  prosecuted, defended, and settled in good faith, and that during the course of the

7  Federal Derivative Action, the Settling Parties and their respective counsel at all

8  times complied with the requirements of Federal Rule of Civil Procedure 11.

9        17.    In the event that the Settlement does not become effective in

10  accordance with the terms of the Stipulation or the Effective Date does not occur,

11  then this Judgment shall be rendered null and void to the extent provided by and in

12  accordance with the Stipulation and shall be vacated and, in such event, all orders

13  entered and releases delivered in connection herewith shall be null and void to the

14  extent provided by and in accordance with the Stipulation.

15        **IT IS SO ORDERED.**

16

17

18  DATED: **May 23, 2011**

19                              THE HON. MANUEL L. REAL
                               UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28